WR-81,578-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/5/2015 1:01:24 PM
Accepted 2/5/2015 3:20:46 PM
ABEL ACOSTA
CLERK

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
2/5/2015
ABEL ACOSTA, CLERK

EX PARTE

John William Hummel,

APPLICANT

)
)
)
)
)
)
)

Writ No.

WR-81,578-01

## OBJECTION TO CONVICTING COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

BRAD D. LEVENSON (No. 24073411)
Director, Office of Capital Writs
(E-Mail: Brad.Levenson@ocw.texas.gov)
ROBERT ROMIG (No. 24060517)
(E-Mail: Robert.Romig@ocw.texas.gov)
Post-Conviction Attorney
Office of Capital Writs
1700 N. Congress Avenue, Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Applicant

**IN THE TEXAS COURT OF CRIMINAL APPEALS**
**AUSTIN, TEXAS**

|  |  |  |
|---|---|---|
| EX PARTE<br>John William Hummel,<br>APPLICANT | )<br>)<br>)<br>)<br>)<br>) | Writ No.<br>WR-81,578-01 |

**OBJECTION TO CONVICTING COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW**

John Hummel ("Hummel"), through his attorneys the Office of Capital Writs ("OCW"), objects to the Findings of Fact and Conclusions of Law (the "Findings") submitted by the convicting court in this proceeding relating to the Application for Writ of Habeas Corpus (the "Application") filed by Hummel. This Court should remand the proceedings to the convicting court with directions to conduct a full and thorough fact finding to address the evidence raised in Hummel's Application.

**A. Procedural History**

John Hummel is confined under a sentence of death pursuant to the judgment of the 432nd District Court, Tarrant County, Texas, case number 1184294D, which was rendered on June 28, 2011. (CR at 747-49.)[1]

The convicting court appointed the OCW to represent Hummel in filing an application for a writ of habeas corpus pursuant to Code of Criminal Procedure Article 11.071 on June 30, 2011. (CR at 746.) The resulting Application was filed on June 5, 2013. The Application raises fifteen claims of constitutional error, nine of which allege ineffective assistance of trial counsel. Hummel filed forty-one

---

[1] "CR" refers to the Clerk's Record filed in Hummel's trial. "RR" refers to the Reporter's Record filed in Hummel's trial.

exhibits with his Application, including affidavits from twenty-two lay and expert witnesses.

On June 26, 2013, the State filed a Motion for Affidavits of Applicant's Trial and Appellate Counsel. Hummel's trial counsel Larry Moore and Fred Cummings filed affidavits responding to Hummel's Application on August 9, 2013, and October 11, 2013, respectively. John Stickels, Hummel's appellate counsel, filed an affidavit on October 9, 2013. The State's Answer to Hummel's Application was filed on December 2, 2013.

The convicting court held a status conference regarding further litigation of Hummel's Application on February 28, 2014. At this conference, Hummel requested an evidentiary hearing to resolve all disputed factual issues raised by Hummel's Application and the State's Answer. The convicting court denied Hummel's request for an evidentiary hearing. However, the convicting court allowed Hummel to file supplemental exhibits and briefing, which was submitted on March 28, 2014. The State submitted its supplemental response on July 7, 2014.

The convicting court ordered the parties to submit proposed findings of fact and conclusions of law, which were filed on November 3, 2014. On January 21, 2015, the convicting court signed an order recommending this Court deny all grounds for relief. Accompanying the order were the court's Findings. The Application and accompanying record was received by this Court on January 29, 2015.

## B. The Convicting Court Erred in Signing Findings Taken Almost Verbatim from the State's Proposed Findings

The convicting court signed almost verbatim the State's Proposed Findings of Fact and Conclusions of Law. While an exact copy of the State's proposal was not adopted by the convicting court, virtually all the findings made by the court

3

come verbatim from the State's proposal. In addition, the State's proposed findings and conclusions and the State's Answer to Hummel's Application themselves largely parrot the statements made by Hummel's trial counsel in their affidavits submitted in response to Hummel's Application.

Both this Court and the Supreme Court have criticized the practice of courts simply adopting wholesale the assertions and conclusions made by the State. *Jefferson v. Upton*, 560 U.S. 284, 288 (2010); *Anderson v. Bessemer City*, 470 U.S. 564, 572 (1985); *Ex parte Reed*, 271 S.W.3d 698, 729 (Tex. Crim. App. 2008). This Court has instructed that "the trial judge, as a neutral arbiter should . . . carefully scrutinize[] the State's proposed findings to ensure that they accurately reflect the evidence in the record before adopting them verbatim." *Reed*, 271 S.W.3d at 729. A convicting court's failure to do so raises concerns about the accuracy of those findings.[2]

---

[2] This practice of adopting the State's proposed findings of fact and conclusions of law essentially verbatim is not limited to Hummel's case, but appears to be a regular occurrence among convicting courts. *See Ex parte Cortne Robinson*, Harrison County, WR-81,583-01 (findings signed on Aug. 25, 2014); *Ex parte Kwame Rockwell*, Tarrant County, WR-80,232-01 (Sept. 9, 2014); *Ex parte Mark Soliz*, Johnson County, WR-82,429-01 (Nov. 6, 2014); *Ex parte Garland Harper*, Harris County, WR-81,576-01 (Dec. 11, 2014); *Ex parte Gary Green*, Dallas County, WR-81,575-01 (Dec. 31, 2014); *Ex parte Teddrick Batiste*, Harris County, WR-81,570-01 (Jan. 21, 2015); *Ex parte Juan Ramirez*, Hidalgo County, WR-71,401-01 (Jan. 20, 2015). That such a practice has become commonplace in the review of capital defendants' applications for writ of habeas corpus suggests Texas's death penalty statutory scheme no longer functions as an independent, impartial system, effectively denying Hummel and other capital defendants their due process rights under the United States and Texas constitutions. Not only do these cases warrant remands for full hearings on the merits of their claims, where one was not held, but this Court should, at minimum, issue an opinion warning lower courts of the dangers of adopting the State's proposed findings and conclusions wholesale.

4

Here, the convicting court simply accepted the assertions in trial counsel's affidavits as automatically credible and undisputed. Rather than function in its proper role as neutral arbiter, the convicting court in this case has adopted a biased interpretation of the evidence before it.[3] *See Reed*, 271 S.W.3d at 729. This method does not resolve Hummel's claims based on a neutral assessment of the facts regarding trial counsel's representation. Rather, it effectively delegates to trial counsel themselves the power to conclude whether their conduct was proper. This Court should remand Hummel's case to the convicting court for further factual development and more accurate findings. *See Hall v. State*, 160 S.W.3d 24, 41 (Tex. Crim. App. 2004) (Price, J., concurring) ("[I]f the convicting court conducts a hearing by affidavit, and the affidavits are inadequate for us to review the convicting court's findings, we will be forced to remand to the convicting court for a live hearing."); *Ex parte Davila*, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975) ("[T]he proper standard . . . is whether 'the fact-finding procedure there employed was . . . adequate for reaching reasonably correct results.'" (quoting *Townsend v. Sain*, 372 U.S. 293, 316 (1963))).

## C. The Court's Findings of Fact and Conclusions of Law Are Not Supported by the Record

The adoption of Findings taken entirely from the State's proposal is particularly troubling in Hummel's case because it means the convicting court has made findings of fact against the weight of the record and without accounting for evidence presented in Hummel's Application. Instead, the convicting court has merely accepted the opinions offered by Hummel's trial counsel, despite whether they are supported by credible evidence.

---

[3] Hummel highlights below problems with counsels' statements. (*See* Section C, *post.*)

5

For example, the convicting court concludes that trial counsel made a "reasonable strategic decision" not to investigate whether any corrections officers at Tarrant County jail could testify positively on Hummel's behalf. (*See* Findings at 17-18, ¶¶1-9.) In support of this finding, the court points to trial counsel's bald assertion that "testimony of jail personnel is often not particularly favorable to the defense." (*Id.* at 17, ¶3.) Yet Hummel has not had the opportunity either to cross-examine trial counsel about the soundness of this broad statement, or to confront trial counsel with contrary facts—including that at least three such jail personnel were easily located and willing to testify on Hummel's behalf. (*See* Application Ex. 4 at ¶9 [Affidavit of Cody Bell] (stating he would have been willing to testify on behalf of Hummel that he was a model inmate unlikely to be a danger in the future); Ex. 20 at ¶10 [Aff. of Tommy Rigmaiden] (same); Ex. 21 at ¶7 [Aff. of Rory Thomas] (same).)

As another example, the convicting court seemingly excludes the affidavit of Hummel's post-conviction expert witness Dr. Susan Hardesty from consideration based on a conclusion that the opinions offered in her affidavit "do not satisfy the reliability requirements of Tex. R. Evid. 702." (Findings at 27, ¶18.) Yet this conclusion is based solely on Hummel's trial counsel's own unsupported opinion that Dr. Hardesty's opinions are not based on scientific principles. (Findings at 21, ¶29.) The convicting court concludes that Dr. Hardesty's testimony would not be admissible without holding an evidentiary hearing or even a *Daubert*[4] hearing to support that decision. In contrast, the convicting court relies on the affidavit of the State's expert Dr. Randall Price to make findings about the symptoms and scientific community's knowledge of Complex Post-Traumatic Stress Disorder,

---

[4] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

6

again without a *Daubert* hearing or opportunity for the defense to challenge Dr. Price's authority on the subject. (Findings at 70, ¶¶1-5.)

As a third example, the convicting court adopted the State's proposed findings of fact minimizing the information of Hummel's military service provided by several fellow Marines who served with Hummel and would have been willing to testify on his behalf. (*See* Application Ex. 7 [Aff. of Efrain Chaidez]; Ex. 9A [Aff. of Fred Emmer]; Ex. 14A [Aff. of Buddy Matthias].) The court seemingly discounted this entire area of evidence, finding that "Applicant's military career . . . is not the type of service that the jury would have considered to be a particularly mitigating circumstance." (Findings at 65, ¶21.) The convicting court made this finding without having seen these witnesses testify in person to be able to judge their credibility and the potential weight of their testimony on the jury. Instead, the convicting court relies on trial counsel's own opinion regarding the credibility and impact of such testimony, in general. (Findings at 63, ¶15.)

These are just examples of the many instances in which the convicting court fails to address evidence presented by Hummel that directly refutes the claims made by trial counsel and, instead, makes findings of fact unsupported by the record. These are factual disputes that are material to the resolution of Hummel's claims, and they warrant resolution at a fair and impartial evidentiary hearing. Live testimony and argument is necessary to determine whether the twenty-two witnesses presented by Hummel are credible and, in contrast, whether Hummel's trial counsel's assertions regarding their conduct are post-conviction rationalizations that lack credibility. *See Manzi v. State*, 88 S.W.3d 240, 255 (Tex. Crim. App. 2002) (Cochran, J., concurring) ("Trial judges who are confronted with contradictory affidavits, each reciting a plausible version of the events, ought to convene an evidentiary hearing to see and hear the witnesses and then make a factual decision based on an evaluation of their credibility.").

7

**D. Prayer For Relief**

As such, John Hummel requests this Court remand his Application with instructions that the convicting court hold an evidentiary hearing to fully and fairly resolve all factual disputes.

Respectfully submitted,

DATED:    February 5, 2015        By _____
                                         ROBERT ROMIG

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Objections as follows:

Court of Criminal Appeals
P.O. Box 112308
Austin, Texas 78711
(Original by e-File)

Tarrant County District Attorney
Helena Faulkner, Asst. Crim. D.A.
Tim Curry Criminal Justice Center
401 West Belknap
Fort Worth, TX 76196
(by e-File)

John Hummel
TDCJ # 999567
TDCJ Jester Unit
4 Jester Road
Richmond, TX 77406
(by mail)

This certification is executed on February 5, 2015, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
ROBERT ROMIG

9